<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON LINES, LLC, <br><br>                      Plaintiff, <br><br> v. <br><br> CONTAINER INNOVATIONS, INC. and ANGELO CARRERA, <br><br>                      Defendants. | Civ. No. 06-2366 (DRD) <br><br> **O P I N I O N** |

*Appearances by:*

NORRIS, MCLAUGHLIN & MARCUS, PA
721 Route 202-206
Somerville, NJ  08876
by:  Alison L. Galer, Esq.

    *Attorney for Plaintiff*

JUNGE & MELE LLP
29 Broadway, 9th floor
New York, NY  10006
by:  Armand P. Mele, Esq.

    *Attorney for Defendants*

**<u>DEBEVOISE, Senior District Judge</u>**

       Defendants, Container Innovations, Inc. and Angelo Carrera, have moved pursuant to

Federal Rules of Civil Procedure 55(e) and 60(b) to vacate the default judgment entered against

them by this Court on September 25, 2007. Plaintiff, Horizon Lines, Inc., had originally brought an action against Defendants to collect funds owed to Horizon Lines by Container Innovations for shipping services provided by Horizon Lines. In moving to vacate the default judgment, Defendants argue that Carrera, as the President of Container Innovations, is not personally liable for corporate debts. In addition, Defendants argue that the default judgment should be vacated against Container Innovations because aspects of the service of the summons and complaint are suspicious.

Because the Court finds that Defendant Carrera has raised a meritorious defense, sufficiently explained his conduct with respect to this litigation, and that Horizon Lines will not be materially prejudiced, Defendants' motion to vacate the default judgment will be granted as to Defendant Carrera. However, because Defendant Container Innovations has not presented a meritorious defense, the motion will be denied as to Defendant Container Innovations.

## I.  BACKGROUND

Container Innovations was a New Jersey corporation which was registered as a non-vessel operating common carrier. When Container Innovations was operational, Angelo Carrera served as its President. As a non-vessel operating common carrier, Container Innovations arranged for the transportation of cargo with ocean carriers; it did not own or operate merchant vessels. Container Innovations issued bills of lading to its customers as well as receiving bills of lading from the ocean carrier, which would name Container Innovations as the shipper of the cargo on behalf of Container Innovations's customer.

Horizon Lines is a contract water carrier which was hired by Container Innovations to carry goods between New Jersey and Puerto Rico. Container Innovations used Horizon Lines to

ship its customers' goods from June 15, 2004, until April, 2006.  According to Horizon Lines, Container Innovations failed to pay for any shipping services during this time.

In May, 2006, Horizon Lines filed a complaint against Container Innovations and Carrera seeking to recover payment for its shipping services.  When Defendants failed to answer the complaint, Horizon Lines moved for entry of default.  In August, 2007, Horizon Lines then moved for entry of a default judgment against Defendants, which was granted on September 24, 2007.

Horizon Lines docketed the default judgment in New York and provided notice of the docketing to Defendants in a letter dated March 26, 2008.  Defendants were then served with information subpoenas via regular and certified mail and were personally served with deposition notices regarding assets to satisfy the judgment.  Following the receipt of the deposition notices, Defendants' counsel requested additional time to obtain relevant documents.  Defendants then filed this motion to vacate the default judgment.

## II.  DISCUSSION

According to Rule 55(c), a court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  Rule 60(b) provides the grounds for relief from a final judgment or order and states that a party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party must move for relief "within a reasonable time" and if the motion is based on reasons (1), (2), or (3), then "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). In this case, Defendants have not specified which provision under Rule 60(b) that they are relying on for relief from the default judgment. However, based on the arguments presented in Defendants' briefs, the Court surmises that Defendants are relying on Rule 60(b)(1) and Rule 60(b)(4).

Before a court can decide a motion to set aside a default judgment, it "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). The Court of Appeals for the Third Circuit has "a policy disfavoring default judgments and encouraging decisions on the merits," Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988), but a default judgment will not be vacated simply by the filing of a motion requesting relief, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196 (3d Cir. 1984).

### A. A Meritorious Defense

The threshold question to setting aside a default judgment is whether the defendant has a meritorious defense. Resolution Trust Corp. v. Forest Grove, 33 F.3d 284, 288 (3d Cir. 1994). "[A] defendant does not have the right to have a default judgment set aside automatically upon alleging a defense." Harad, 839 F.2d at 982. Rather, the Court of Appeals has imposed "a more stringent standard which requires that a defendant seeking to set aside a default judgment set

4

forth with some specificity the grounds for his defense.  The court must then evaluate that defense to determine whether it is meritorious." Id.

  Defendants assert two defenses which they allege to be meritorious.  First, Defendants assert that service of process on Container Innovation was suspect.  Defendants explain that Horizon Lines alleged in an affidavit of service that Container Innovations was served with a summons and complaint on July 22, 2006.  However, Defendants continue, according to documents filed with the Court on July 24, 2006, opposing counsel requested that new summons be issued because service had yet to be made on Container Innovations.  Therefore, Defendants conclude that Container Innovations has a meritorious defense of improper service of process.

  According to Rule 4(h) of the Federal Rules for Civil Procedure, a corporation must be served in the manner prescribed by the rules of the state where service is made or by the rules of the state where the district court is located.  In this case, that means that Container Innovations had to be served according to rules of the State of New York—because service was made in Brooklyn, New York—or according to the rules of the State of New Jersey—because that is where the District Court is located.

  In New York, personal service on a corporation shall be made by delivering the summons to any officer, director, managing or general agent of the corporation, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service of process.  C.P.L.R. § 311(a).  In New Jersey, however, personal service can be made on a corporation by serving a copy of the summons and complaint on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation by delivering a copy of the summons and complaint to the individual

personally, or by leaving a copy with a competent member of the household at the individual's dwelling place or usual place of abode.  N.J. Ct. R. 4:4-4(6).

In this case, the process server attempted service on Carrera, both as an individual and as an officer and director of Container Innovations, at his home in Brooklyn, New York.  The process server left two copies of the summons and complaint with the woman who answered the door, identified in the server's declaration as Carrera's wife.[1]  While leaving a copy of the summons and complaint with a competent person at a place of abode is not sufficient to effectuate service on a corporation under the rules for service of process in New York, under New Jersey's rules, it is.  Therefore, because Carrera, as an officer and director of Container Innovations, was properly served under the New Jersey rules for service of process, Container Innovations cannot use improper service as a defense to the original action.

The Court does not find the efforts of Horizon Lines's attorneys to obtain additional summons two days after the summons and complaint had been served on Carrera and Container Innovations as suspicious.  Therefore, Defendants' suggestions of suspect behavior do not undermine the conclusion that Container Innovations was properly made a party to this action.

Second, Defendants claim that Carrera never signed a guaranty agreeing to be personally liable for Container Innovations's corporate debt.  In its application for default judgment against Defendants, Horizon Lines asserted that a tariff, which was filed with the Surface Transportation Board and provides that principals are liable for the payment of shipping costs, was the

---

[1] There has been no contention that Carrera was improperly served.

controlling document between Horizon Lines and Container Innovations.[2]  Defendants argue that the individual bills of lading are the controlling documents, as opposed to the Tariff on which Horizon Lines relied when seeking the default judgment, and that the individual bills of lading do not assign liability to principals for any unpaid freight.  To support this assertion, Defendants point to a confidential agreement between the parties, which entitled Container Innovations to preferential freight rates.  Defendants explain that, according to the notes of the confidential agreement, in the event of a conflict between the tariff and a bill of lading, the language of the bill of lading prevails.[3]  Therefore, Defendants conclude that Carrera, as the principal, has a

---

[2] The relevant provision of the tariff states:
> The shipper, consignee, holder of the bill of lading, owner of the goods and principals of said liable parties shall be jointly and severally liable to Carrier for the payment of all freight, demurrage, General Average and other charges.  Carrier notes that its bill of lading terms also made said parties jointly and severally liable for expenses incurred by Carrier in collecting sums due Carrier, including but not limited to collection agency fees, reasonably attorney's fees, and court costs at the mediation, arbitration, trial and appellate levels.  Payment of ocean freight and related charges to a freight forwarder, broker or anyone other than Carrier or its authorized agent, shall not be deemed payment to Carrier and shall be made at payer's sole risk.

(Daugherty Cert. Ex. A at 1.)

[3] The second note to Attachment A of an unexecuted copy of Horizon Lines, LLC Confidential Agreement No. 9899-21-0426 provides:
> Except as otherwise provided, all cargo under this Agreement is subject to all charges, surcharges, and rules, including bill of lading terms, set forth in Carrier's published, applicable tariff in the US/Puerto Rico trade, or successor tariffs (the "Tariff"), which may be amended by Carrier from time to time, which Tariff is incorporated by reference and made a part of this Agreement.  In the event of a conflict, the bill of lading terms shall prevail over the terms of the Agreement and/or the Tariff, and the terms of this agreement shall prevail over the terms of the Tariff.

(Carrera Dec. Ex. D at 3.)

meritorious defense to the original action.

The Court will not delve into the facts of the case on a motion to vacate a default judgment, except to note that if Defendants are correct, then Carrera would not be liable for Container Innovations's unpaid debts. Therefore, the Court finds that the confidential agreement, in conjunction with the individual bills of lading, could provide Carrera with a meritorious defense. The Court, however, finds that no meritorious defense has been asserted by Container Innovations.

**B. Culpable Conduct**

In order for a defendant's conduct to be culpable, it must be shown to be more than merely negligent. Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). Actions taken in bad faith or intentionally designed to avoid compliance with court rules can demonstrate culpable conduct. Id. However, a defendant's conduct is not culpable if it is attributable to mistake or excusable neglect.

Horizon Lines charges Defendants with willfully ignoring the complaint as well as all subsequent pleadings in this 21-month litigation and asserts that their failure to take any action requires the denial of the motion to vacate the default judgment. Defendants, however, explain that in 2006, Container Innovations began to fail and was shut down in the middle of the year. At the same time, Carrera was suffering from a serious heart condition, which required triple coronary artery bypass surgery on May 19, 2007. The default judgment was entered three months before Carrera's surgery and the motion for default judgment was filed just three months after the surgery. Defendants assert that because of Carrera's weakened condition, he was unable to focus on anything but his health during the period that the default judgment was entered.

The Court finds that Carrera's serious illness, which required a hospital stay, excuses his inattention in this case.

### C. Prejudice to the Plaintiff

Finally, the Court finds that Horizon Lines would suffer no prejudice if the default judgment were to be vacated. There has been no allegation of lost evidence, nor allegations of increased potential for fraud, nor has Horizon Lines suggested that it was substantially relied on the default judgment. See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). Rather, Horizon Lines asserts that vacating the default judgment would allow Carrera additional time to shield his assets. While this is a valid concern, it does not rise to the level of prejudice in this case. See id. at 656-57 (noting that "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment").

In addition, Horizon Lines contends that Defendants' motion to vacate the default judgment should be denied as untimely. The Court does not find Defendants' motion to be untimely. The motion was filed seven months after the entry of the default judgment, which is within the one year window provided by Rule 60(b) and otherwise reasonable, especially in light of Carrera's health problems.

### III. CONCLUSION

Because Carrera has raised a meritorious defense; because Carrera's health problems excuse his failure to respond to the default judgment; and because Horizon Lines will not be materially prejudiced by reinstating this action, the motion to vacate the default judgment will be granted as to Defendant Carrera, bur denied as to Defendant Container Innovations. Defendant Carrera will have ten days following the entry of the accompanying order to file an answer.

Finally, Horizon Lines has requested that any relief to Defendants be conditioned on Defendants' payment of Horizon Lines's fees and costs associated with its defense of the motion to vacate the default judgment. Such an award of attorney's fees is discretionary and the Court finds that this situation warrants an award of attorney's fees in the amount of $1,000.00.

      The Court will enter an order implementing this opinion.

      /s/ Dickinson R. Debevoise
      DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: May 20, 2008